UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

FRANK LANGDON and GRANT D. LANGDON,

                     Plaintiffs,

vs.                                    5:98-CV-173

COUNTY of COLUMBIA; PAUL PROPER, Former Sheriff of Columbia County; DAVID PROPER, Deputy Sheriff for Columbia County; CHARLES WILSON, Deputy Sheriff for Columbia County; INVESTIGATOR VICK, Investigator for Columbia County Sheriff's Dept.; INVESTIGATOR COZZALINO, Investigator for Columbia County Sheriff's Dept.; JASON SHAW, in the capacity of employee Rappaport Meyers Griffen and Whitbeck; and CARL G. WHITBECK, JR., in the capacity of County Attorney, County of Columbia,

                     Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:                                  OF COUNSEL:

FRANK LANGDON
Plaintiff, Pro Se
P.O. Box 1015
Philmont, NY 12565

GRANT D. LANGDON
Plaintiff, Pro Se
4948 Strathmore Drive, Apt. #6
Cincinnati, OH 45227

CARTER, CONBOY, CASE, BLACKMORE,
   MALONEY & LAIRD, P.C.                 JAMES A. RESILA, ESQ.
Attorneys for Defendants Paul and
   David Proper, Charles Wilson,
   Inv. Vick, Inv. Cozzolino, County
   of Columbia, and Carl G. Whitbeck, Jr.
74 Chapel Street
PO Box 165
Albany, NY 12207-2192

RAPPORT, MEYERS, GRIFFEN
   & WHITBECK                                   JASON L. SHAW, ESQ.
Attorneys for Defendant Shaw
436 Union Street
PO Box 36
Hudson, New York 12534

DAVID N. HURD
United States District Judge

## DECISION and ORDER

On October 9, 2008, plaintiffs filed a petition to reopen the above action. (Docket No. 47). On November 24, 2008, plaintiff Grant D. Langdon filed an affidavit in support of the petition. (Docket No. 49). On December 9, 2008, and December 15, 2008, defendants' attorneys filed affidavits and memoranda of law in opposition to the petition and for attorney fees and costs. (Docket No. 50, 51, and 53).

On December 22, 2008, plaintiff Grant D. Langdon filed a motion and affidavit for sanctions against almost every person or entity involved. (Docket No. 55). On December 23, 2008, defendants' attorney filed an affidavit in opposition. (Docket No. 56). On January 5, 2009, plaintiff Frank Langdon filed an affidavit in support. (Docket No. 57).

The events giving rise to this action occurred over <u>twenty-one years</u> ago in <u>1987</u> and <u>1988</u>!

Plaintiff Frank Langdon originally filed a complaint based upon the events of <u>1987</u> - <u>1988</u> on <u>December 19, 1989</u>. It was dismissed by order of Judge Howard G. Munson on <u>June 24, 1991</u>. A final judgment of dismissal was entered on <u>July 2, 1991</u>. His appeal was dismissed for failure to prosecute by the Second Circuit on <u>February 25, 1992</u>. (see case No. 89-CV-1400).

Almost <u>six</u> years later, on <u>February 2, 1998</u>, the complaint in this action was filed by both plaintiffs. (Docket No. 1). An amended complaint was filed on <u>February 25, 1998</u>. (Docket No. 3). Both the complaint and the amended complaint were again based upon the events of <u>1987</u> - <u>1988</u>. It was dismissed by order of Judge Munson on <u>July 14, 1999</u>. (Docket No. 40). There was no appeal to the Second Circuit.

The petition seeks to reopen claims resolved over <u>seventeen</u> and <u>nine</u> years ago. The law demands a final resolution of civil cases. Further activity in this case is clearly barred by <u>res judicata</u>, statute of limitations, local rules, and laches. Also, plaintiff Grant D. Langdon has no standing regarding the events of <u>1987</u> - <u>1988</u>.

Judge Munson's decisions and orders in 1991 and 1999 were based upon a correct application of the facts and the law. Plaintiffs could have appealed the decisions, orders, and judgments, but did not do so. The judgments have been final for many years. In fact, the final judgment in this case was entered on <u>July 14, 1999</u>! (Docket No. 41).

The filing of the petition and the motion for sanctions so many years after the final adjudications without any basis in fact or in law, is frivolous, unreasonable, and groundless. Defendants are entitled to reasonable attorneys' fees and costs.

Therefore, it is

ORDERED that

1. The petition is DENIED and DISMISSED;

2. The motion for sanctions is DENIED;

3. Defendants are awarded reasonable attorney fees and costs;

    4. On or before February 4, 2009, defendants may file and serve a verified application as to the amount of reasonable attorney fees and costs to be awarded; and

    5. On or before February 18, 2009, plaintiffs may file and serve a verified opposition as to the amount of attorney fees and costs to be awarded.

    IT IS SO ORDERED.

_____
United States District Judge

Dated: January 23, 2009
         Utica, New York.